UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CASE NO. 3:11-cr-0316-SLB |
| | ) |
| ANTHONY DEE MCANALLEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the defendant's Motion for New Trial, (doc. 45),[1] and his Amendment to Motion for New Trial, (doc. 47). As discussed below, upon consideration of the Motion and Amendment, along with the Government's Opposition to Defendant's Motion for New Trial, (doc. 46), and the Government's Opposition to Defendant's Amended Motion for New Trial, (doc. 48), the court is of the opinion that defendant's Motion for New Trial is due to be denied.

This court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). However, the court may not grant a new trial unless, "[t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Butcher v. United States,* 368 F.3d 1290, 1297 (11th Cir. 2004). Also, a trial court's error in the admission or exclusion of evidence may support a new trial but only if "[a] significant possibility . . . exist[s] that,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

considering the other evidence presented by both the prosecution and the defense, the [error] had a substantial impact upon the verdict of the jury." *United States v. Rodriguez*, 524 F.2d 485, 487 (5th Cir. 1975), *quoted in United States v. Arbolaez*, 450 F.3d 1283, 1290 (11th Cir. 2006).

The defendant makes a number of arguments as to why he is entitled to a new trial. He contends: 1) his rights were prejudiced by the late production of discovery, including exculpatory material; 2) he "was not afforded a fair trial due to evidentiary rulings which unduly restricted his ability to present relevant evidence to the jury;" 3) he was prejudiced by inappropriate conduct of the prosecutors; 4) he should be given a new trial due to the government's failure to disclose the results of an interview by law enforcement of a potential witness, Ronnie Comer.

Although issues one through three were argued to the court during trial and ruled on by the court at that time, the court will briefly address each argument.

Late Disclosure of *Brady/Giglio* Material

Defendant complains first that he was "denied a fair and impartial trial by the failure of the prosecution to disclose exculpatory material in a timely fashion." (Doc. 45 at 2.) It is true that the government did not clearly or timely disclose its intention not to prosecute Donald Duncan, the government's primary witness at trial. However, once the government's intention was disclosed during the trial, the court gave defendant sufficient time to prepare for cross-examination using this information. Defendant argues that

2

> "offering immunity to a convicted felon and drug dealer, was confusing to the jury and served to prejudice defendant. The confusing and unfair manner in which the prosecution handled this presented the jury with an unfair and inaccurate picture - that Duncan must have given such valuable and important help to the prosecution that he has to be believable and/or that it is so essential to convict this defendant (for perhaps other unknown offenses)."

(Doc. 45 at 2.) The government did not expressly or impliedly make such an argument and there is no basis on which a jury could draw such a far-fetched inference. This argument is without merit.

<u>Evidentiary rulings by the court</u>

The court ruled on the record during the trial as to the contested evidentiary matters. The arguments made in his Motion for a New Trial were made during the trial and carefully considered by the court. Defendant's arguments pertaining to the court's evidentiary rulings do not support the granting of a new trial.

<u>Government's Trial Tactics</u>

Defendant argues that he was prejudiced by inappropriate conduct of the prosecutors. Specifically, he states that there was "no evidence whatsoever that defendant had any ownership interest in the building" so it was improper for the prosecutors to raise the issue of insurance proceeds as a motive for defendant to commit the charged offense. Contrary to defendant's arguments, there was evidence presented at trial which indicated that defendant did have an interest in the property. Mr. Drake, who operated the bar at the burned premises, testified that the defendant was "his landlord"

3

and that he (Drake) thought the bar was "also owned" by the defendant. As the government correctly argued in its Opposition to Defendant's Motion for a New Trial, it had the right to discuss Mr. Drake's testimony and the reasonable inference drawn from it in its closing argument. Therefore, it was not inappropriate for the prosecution to make this argument to the jury. Defendant is not entitled to a new trial based on his argument that he "was prejudiced by the conduct of the prosecuting attorneys." (Doc. 45 at 5.)

<u>Failure to Produce Information Pertaining to Potential Witness</u>

Finally, defendant contends he should be given a new trial due to the government's failure to disclose the results of an interview by law enforcement of a potential witness, Ronnie Comer. (Doc. 47, Defendant's Amendment to Motion for New Trial.) Defendant states that Comer's testimony would "impeach that of Duncan who denied being present at the scene of the offense." (Doc. 47 at 1.) In his affidavit, (doc. 47 at 3), Mr. Comer states that he lives near the burned building, and he was watching when the building "exploded" at the time of the fire, Comer said that he saw a white or cream colored pickup truck sitting near the building, which sped away just after the explosion. He further states that he is certain that the truck he saw was not the defendant's truck. As the government's correctly notes in opposition, defendant's argument fails both as a ground for a new trial and as a *Brady* claim.

In its Opposition to Defendant's Amendment to Motion for New Trial, the government states it was unaware that Mr. Comer had been interviewed. The court

credits this statement. In any event, even if the statement had been in the government's possession, it contains no information that is exculpatory.

The government did not allege or attempt to prove that the defendant personally committed the arson, so evidence that defendant was not at the scene of the crime is not probative. Further, the argument that this evidence would impeach Duncan fails to justify a new trial. First, the description of the truck as "white or cream-colored," obviously includes a large number of vehicles. Second, the implication that it might have been Mr. Duncan's truck would not have had a "substantial impact" on the verdict.[2] Thus, if Mr. Comer had testified, his testimony would not establish that Mr. Duncan was actually present nor does it contradict the essence of Mr. Duncan's primary testimony – that is, that he was heavily involved in coordinating the arson.

Defendant's arguments do not lead to a conclusion that "it would be a miscarriage of justice to let the [guilty] verdict stand." The defendant has not presented any arguments in his original Motion or Amendment that support the granting of a new trial. Therefore, defendant's Motion for New Trial is due to be and hereby is **DENIED**.

---

[2]The court's notes from the trial do not reflect testimony about whether Mr. Duncan drove a truck and if so, its color. There may well have been such testimony but it is not in the court's notes and the court has no recollection of such testimony. However, assuming there was testimony in the trial that Mr. Duncan drove a white or cream-colored truck, Mr. Crump's testimony would not have "had a substantial impact" on the verdict considering the other evidence in the case. Mr. Duncan testified that he was a mile and half away from the fire and he was there in order to warn his nephew (the person who actually set the fire) if the police were coming.

**DONE**, this 29th day of October, 2012.

/s/ Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE